may it please the court my name is Jonathan Sullivan representing the appellant Donald Streich I'd like to reserve three minutes for rebuttal you may do so just watch the clock counsel your honor your honors Donald Streich as a juvenile was convicted of a sexual offense as a juvenile he agreed pursuant to an immunity agreement from the Pierce County Prosecutor's Office to engage in psychosexual counseling he agreed to do that actually with two separate immunity agreements of the first County Prosecutor's Office and he went in assumed with the expectation like anyone would assume going into seeing their doctor or going in to see their mental health counsel the word there is where I fell off the track it's not really his doctor it's government counseling because he's done some terrible things and and what's more in sentencing generally the court has access to everything there are a whole lot of private areas that are generally private but with exceptions for example all of if we any of us files a personal injury case our confidential medical records have to be handed over to the defense lawyer unless we can show the portions of them are irrelevant and I cannot imagine doing a responsible sentencing without getting access to this sort of I really can't see why immunity from prosecution has anything to do with disclosure to the sentencing judge it's very relevant your honor because it goes to whether or not a release whether or not a waiver is knowing intelligent and voluntary what difference does that make in this case where the district court did not use or rely on any of the material and where the prospect of being subject to the Adam Walsh Act is is hypothetical and in speculative in terms of the hypothetical nature I think it's not at all hypothetical I think if I could look at an analogy it would be the closest analogy I can think of would be let's say in the Seattle School District there was that teachers have the option to engage in private psychological counseling mental health counseling that was part of the agreement you could go in and talk about anything part of the agreement was that there would be privacy no matter what you say so we can follow along with what you're saying excuse me could you direct us to the page in the excerpts that shows the precise terms of fact it's entering into the counseling so we can follow along as you speak about it are you talking about something happened in this case really are you talking about some hypothetical with regards to whether or not it's right whether or not this well that kind of loses me can we stick you just what really happened here I mean you're you assert that you you're going to be subject to the Adam Walsh Act well first of all the government has to proceed they have to make a decision to proceed whenever he sprung from his custody term then there is you have all sorts of for client will have all sorts of procedural rights at that point including a court hearing and everything else to say you shouldn't use this stuff and I guess I'd finally say what difference does it make anyway since you've already got these convictions for the same kind of conduct and they're certainly going to get all this stuff anyway it makes a big difference because first of all the regulations the proposed regulations for the bureau is that pre-sentence reports must it's mandatory must be reviewed and in the world of sexual violence headers and commitment statutes what's really the battle is whether or not the commitment petition will be filed in the first place once it's filed I mean I guess I'm just having an awful lot of trouble understanding why this is the time to deal with that if and when it happens then you've got a chance to take a shot at it because because the bell has been rung once it's in the pre-sentence report it's not like a regular criminal trial it's it's a very low standard that anything goes in as a matter of fact I say it's a very low standard for what could go in and as a matter of fact defense counsel made a record defense counsel in this case does some of that type of work and and I think that's what alarmed him because he saw what the reality is the reality of these commitment proceedings is once it's filed it's virtually impossible to succeed in nothing civilly committed for look at the gravity extreme exposure faced by these individuals we have a rightness issue here is not the problem I'll just say that on the same point we have a rightness issue here in other words do we have jurisdiction to take into account these considerations with respect to a potential invocation of the Adam Walsh Act well there's two things first of all it's very simple there's a rule 32 violation rule 32 says nothing in the pre-sentence report should be in there that was provided upon a promise of confidentiality and there's some wisdom to that and that is a present violation of rule 32 counsel what let's say we go with you on the rightness I still have an unanswered question you've got two provisions in tension with each other 18 USC 3661 says no limitation shall be placed on the information concerning the background character and conduct of a person convicted of an offense which the United States may receive and consider for the purpose of imposing an appropriate sentence that struck me as the touchstone then you've got rule 32 which says the pre-sentence report must exclude the following any sources of information obtained upon a promise of confidentiality now I would like to reconcile those in the least aggressive way possible and it would help if I could read the promise of confidentiality that's why I asked you the page in the excerpt so that I could follow along show me the exact terms of what his promise of confidentiality was in in terms of what the prosecutor's office you're saying this route that the information was confidential so it falls under rule 32 d3b so I want to read what the promise of confidentiality is the words from from the number came from I it's actually in the pre-sentence report and the only information I have that's the only information I actually are I did some work to try to find out what those promises of confidentiality a lot of promises are defeasible they're subject to exceptions one exception is this is absolutely confidential unless I'm required to report it to a court this is absolutely confidential unless it comes in some legal context where I'm required to disclose it there are all kinds of confidential promises like that and so there are communications this absolutely cannot be used against you to prosecute you for any other crimes well it's not being used against him to prosecute him for any other crimes so I want to see what the terms are but and and one thing you are asking I'd like to see what the terms are let's look at the words help me with this let's look at the words show me exactly what the words are in the pre-sentence report one thing I would like to point out your honor is that defense counsel asked for an evidentiary hearing to you know what an evidentiary hearing unless there's something I don't have I don't have the specific words of what the confidentiality agreement were look if you want to prove that this is 3661 rule that says everything can be considered you got to show me it's confidential so show me I'm giving you this is my third opportunity I'm really begging for it and I want to see the words and I apologize your honor the only thing that I have to go on it's a pre-sentence report I contacted the Pierce County Prosecutor's Office I tried to get those agreements I spoke to I made that information I couldn't but what's important is defense counsel asked for an evidentiary hearing to get that information and to present it. Speaking of words I would just look at the words of rule 32 d3b which refer to any sources of information obtained upon a promise of confidentiality I don't see anything in there that says just because a promise of confidentiality has been made the material is protected what's protected is the source so if you've got a confidential informant who is providing information that gets put into the PSR the source is protected. Here that could simply be the source of the psychological information not the information itself. The text of the rule doesn't make those distinctions between informants and not. What it protects is any source of information what's the source of information that's being protected here? The source of information is the notes made by the mental health care provider. That's not the source that's the substance. What's the source of information that you say is being protected or should be protected? It wasn't. I think it's to protect persons but also a person's personal information and I believe that is what's being protected. And the other thing to consider is that this court judge, Judge Layton, stated to Mr. Stryke, he did the plea, he said you are required to provide full cooperation to the probation officer. He said it twice. And this is instructions from a saying you must cooperate fully and the purpose of the interview is to engage, is to get criminal background information. So that Counsel, you're still talking at a more general level than is helpful to me. You must have just picked up that your Rule 32 exception may be limited to protecting the name of the source instead of the information. But I still would like to see the confidentiality agreement. You said it's in the pre-sentence report and I'm not seeing the exact words. Well, Counsel, you may want to reserve your remaining time and during that time prepare yourself to answer the question. And the only reference is in the pre-sentence report, Your Honor. Thank you, Counsel. We'll hear from the government. May it please the Court. My name is Mark Parent. I'm an assistant United States Attorney and I also handled this case in Judge Layton's court. Essentially what we have here is a question of whether Judge Layton followed the proper procedure for determining whether information should be included in a pre-sentence report. And he did. Rule 32 governs that procedure and Rule 32 permits inclusion in a pre-sentence report of information both that would be helpful at the time of the sentence. However, the fact that he was making a determination about the earlier offenses by the defendant when the defendant was a juvenile was not something that he would use for purposes of sentencing. Therefore, he wasn't even required under the rule to make a determination about the accuracy or to rule on the challenge by defense counsel. Counsel, I was thinking even with, if we never get to civil commitment, even if no civil commitment proceeding is ever brought, the pre-sentence report might be used by the Bureau of Prisons for placement. They choose what institution to put somebody in and what programs to require the person to submit to or offer to the person based on information in the pre-sentence report. What I'm wondering is whether this information would be useful for that. I would have thought it would be because the guy seems like a very serious sex offender and it's amplified by the information. And I would think they'd maybe send him to Butner or maybe put him in some intensive sex offender program or something. I think they might and that's an appropriate use of the information because Rule 32 contemplates that the information can also be used for correctional treatment. And, of course, the goal here is to provide him the treatment while he's in custody. So, I mean, I think everyone hopes a civil commitment proceeding will never be necessary. Let's say that we're not talking about civil commitment. We're talking about use of the information in the pre-sentence report. It was not used for sentencing. The judge didn't consider it. I would imagine he might have doubled the sentence if he knew the history. But let's say it's right because it's used for placement, hypothetically. Now, why wouldn't he get a hearing on it? Because, first, the rule does not provide a hearing if the judge is not going to use the material for sentencing. And this court in the Saturn case that I cited in the brief dealt with a very similar question and ruled that things such as prison placement, there are other forums for the defendant to challenge actions of other people who rely on information in the pre-sentence report. And also, another use of the information that's appropriate was testified to by the probation officer in the evidentiary hearing. He said that this is the kind of information that the supervising probation officer, who will be supervising the defendant when he's released after serving the sentence, would rely on and also would be necessary to fashion an appropriate treatment program. And that makes sense because what we have absent that information is very bad. There's no question. But what the additional illumination that that challenged information provides is that the defendant has been doing this since a very young age. And I think that that's the kind of information that, in devising a treatment plan, would be very helpful to a treatment provider. And I think that's why Judge Layden left it in the pre-sentence report. But because of the issues raised by defense counsel, he did not want to use it for purposes of sentencing and perhaps call the sentencing into question. As he said, he felt he had more than enough information to apply a proper sentence. Is your position that this information is not technically confidential within the meaning of Rule 32? No, it's not because, as Judge Romer pointed out, Rule 32 protects the source of the information. And when you read that plain language, along with the commentary that I think illuminates it, that the clear intent was to protect sources who may be providing information and revealing the source could provide all the dangers that we're familiar with. And so to take that rule and somehow say that that protects something that the defendant may have provided upon some promise of confidentiality just distorts the rule beyond its intention and beyond its clear language. All right. Anything further, counsel? Nothing further, Your Honor. Thank you. Mr. Solovey, you have some reserved time. Yes, Your Honor. And the question was, is what information do I have about the immunity agreements? And they're on Executive Record, page 25, paragraph 65. Does officer's contact at the county prosecutor's office have learned that strike had been given immunity for any information disclosed about unadjudicated crimes during his participation in sexual deviancy treatment?  I don't see the conflict. Immunity just means he won't be prosecuted for the additional crimes he discloses. And he wasn't and hasn't been. What is important is I believe that the language in Rule 32 is broad enough. It says nothing made upon a promise of confidentiality. To me, that's not confidentiality. It's just an immunity promise. They can talk somebody in front of Congress and make them testify under grant of immunity, and it can be on television in front of the whole world. He's got immunity but not confidentiality. This is with either a psychiatrist, a doctor. I think when anyone goes in to see a mental health care counselor, if I go in to see my doctor, I'm going to assume that my doctor is going to maintain confidentiality. What we are looking at is not what's in our minds and parsing out the words, but if it's a voluntary knowing and intelligent waiver, it's in what's Mr. Strike's mind. What he could reasonably assume. He could reasonably assume that there were immunity agreements. The context was if you plead guilty, if you engage in counseling, we promise we're not going to use this against you. So in terms of it's not whether immunity agreement could bind a federal court or it could bind the government. It's all about whether or not it's a knowing, voluntary, and intelligent waiver. And Mr. Strike, being a juvenile at the time, going to a doctor, had more than reasonable cause to believe that what he said would be privileged. And I think there is a hallowed cloak of doctor-patient privilege, and I believe, Your Honor, that that must be deeply respected. Thank you very much. Thank you, counsel. The case just argued will be submitted for decision. Before we hear the next case, the court is aware that there's standing room only in the court. I wonder if law clerks to any of the judges would be willing to give up their seats and take seats inside the bar here. I notice there are two chairs over there. There's a third one over there. I don't know if there's another one over there, but that may go a long way toward freeing up some space so that we don't have to have standees. Thank you. Thank you very much. The next case for oral argument is Loya v. Starwood Hotels. Counsel?
judges: O'scannlain, Rymer, Kleinfeld